PIPER, appellant, v. THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD CO.

*Negligence — change in style of railway switch — neglect to keep switchman — Evidence — declarations of deceased person.*

In an action against a railway company for the accidental death of a person in their employ, caused by a displaced switch, it was shown that previous to the accident a common switch had been substituted for a patent one, at the request of the intestate. *Held,* that such substitution was not negligence on the part of the company.

*Held,* also that it was not negligence not to keep a switchman at the station where the switch was, it being used only for the passage of trains, and the accident having arisen from a defect that could not have been guarded against by the employment of a switchman.

Declarations made by plaintiff's intestate, that the patent switch was unsafe and he wanted it taken out and a common one inserted, *held* admissible against plaintiff as showing prudence on the part of defendant. They would also be competent upon the point of contributory negligence.

MOTION for a new trial by plaintiff upon exceptions ordered to be heard in the first instance at the general term after nonsuit at circuit. The action was brought to recover damages for causing the death of plaintiff's intestate by reason of defendant's negligence.

Two acts of negligence were alleged by the plaintiff: first, the substitution of a common for a patent switch at the place of the accident, and the failure to keep a switchman at the station where the switch was located. The facts sufficiently appear in the opinion.

*S. T. Benedict,* for plaintiff.

*S. W. Jackson,* for defendant.

BOARDMAN, J. Two acts of negligence are alleged against the defendant. The first relates to the removal of a patent switch and the substitution therefor of a common switch. The patent switch is so constructed that a train or car cannot run off the track however the movable rails are located. Such a switch had been in use where plaintiff's intestate's engine ran off, upset, and caused his death. But, some time before, a car standing on the switch track, was started by the wind, and passed down a heavy grade over this patent switch upon the main track, and so on down the main track until it was stopped by some workmen, thereby narrowly avoiding a dangerous collision with an up train, then nearly due. Knowing this fact, intestate requested the patent switch to be taken out and a common one put in, thinking it safer. It was done.

On the night when intestate was killed one or two trains had passed by this switch without trouble within an hour previous to the accident; but when intestate reached that point with his engine the switch was displaced, the engine ran off the track, tipped over, and so injured the intestate, who was the engineer, that he shortly after died.

On examination it was discovered that the upright bar or lever was in the proper place and locked; but the key and bolt by which the lower end was attached to the horizontal bar, for moving the rails, were out of place, and lying on the ground. The horizontal bar was thereby disconnected from the lever, and had been thrown over with the movable rails, so as necessarily to throw the train from the track. It is not shown how this occurred.

If the patent switch had been left as it was the defendant would

have been responsible for any damage resulting from its throwing a car upon the main track. It would have been negligence to have let it remain in that condition. By removing it, and putting in a common switch, the defendant took the chance of a car standing on the switch track being driven by the wind off the track. That was the only legitimate consequence of their act. If a common switch is properly cared for it is as safe as any other. So far as is shown this was in proper condition a half hour before the accident, and no employé of defendant interfered with it. How was defendant guilty of negligence?

The second act of negligence alleged was in not keeping a switchman at this station; but a switchman would not stay and watch a switch all night if it was not to be used. After he had adjusted and locked it, as this was, he would leave it for the night, or until such time as a change was required; but the defendant was not bound to employ a switchman for this place. It was not necessary. The road was a single track. This switch was only used, or mostly used, for trains to pass, and it was the duty of the engineer to see to the adjustments of the track. While waiting for trains the engineer put his train upon the side track. In any view it is not clear how a switchman, regularly employed at this point, would have detected in the night time that this bolt and key were out of place and the track disconnected. If the defendant is responsible in such a case, I can scarcely imagine a case in which it would not be. It was prudent to remove the patent switch, thereby avoiding a danger that was apparent. Piper, the deceased, thought that was prudent and safe to do. He advised it.

A switchman was not needed there. If the defendant had had one there in their employ he would have had no occasion to go near that switch. It was right just before the accident. If it was interfered with maliciously, a switchman would not have corrected it except by the merest accident.

Nothing was done or omitted to be done by the defendant, or its agents or servants, so far as the proofs show, that contributed to Piper's death.

If this be correct, it is unnecessary to inquire as to the contributory negligence of plaintiff's intestate.

An exception was taken to the admission of Piper's declarations that the patent switch was unsafe, and that he wanted it taken out and a common one inserted.

As the plaintiff is in no better position than her intestate would be if suing for an injury, his declarations showing prudence in defendant are admissible against her as they would be against him. They show estimates of what was safe and prudent on the part of deceased, and his declarations are admissible in evidence as his acts would be to show that defendants had been guilty of no negligence contributing to his injury and death. The declarations of plaintiff's intestate were properly admissible to characterize his own acts and the acts of the defendant; but in any event such evidence would be competent upon the point of contributory negligence.

There is nothing in the other exceptions to the exclusion of evidence as to the opinion of witnesses touching the duty of the defendant to employ a switchman at that place, or the possible consequences of such employment that calls for comment. The rulings of the court were correct.

For the foregoing reasons the motion for a new trial must be denied, and judgment ordered for the defendant upon the nonsuit with costs.

PARKER and J. POTTER, JJ., concurred.

*Judgment accordingly.*